UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TYRONDA JAMES** | : | CIVIL ACTION NO.: |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **Jetro Holdings, LLC dba Restaurant Depot,** | : | AUGUST 24, 2016 |
| **RD America, LLC dba Restaurant Depot,** | : | |
| **Restaurant Depot, LLC dba Restaurant Depot** | : | |
| **Defendant** | | |

## COMPLAINT

**PRELIMINARY STATEMENT**

This is a civil action for money damages against Jetro Holdings, Inc., dba Restaurant Depot and against RD America, LLC dba Restaurant Depot, and Restaurant Depot, LLC dba Restaurant Depot for Racial Discrimination in violation Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C §§ 2000e, et seq., for employment discrimination on the basis of race and a hostile work environment.  And for retaliation pursuant to Title VII.  Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f).  Equitable relief is sought under 42 U.S.C. § 2000e-5(g) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.   The Plaintiff, at all times relevant hereto is a natural person currently residing at 645 Orchard St., New Haven, CT, 06511.  Plaintiff, Tyronda James was at all times relevant hereto an employee of the Restaurant Depot,

1

with its primary place of business located at all times relevant hereto at 181 Marsh Hill Road, Orange, CT.

The Plaintiff was hired by Restaurant Depot on March 4, 2013 as an employee with the title of Front End Manager. The Plaintiff's responsibility was to learn a new Front End system and policies and implement the new system and policies in the Orange store. After being trained for two weeks in the Rhode Island Restaurant Depot store, she returned to the store in Orange to implement the new policies and procedures as to how the Front End was to run. Part of the job description was to manage all the cashiers (15-20) and (4) supervisors. Almost immediately, the Human Resources Manager and other managers began to discriminate against her and retaliate against her and thereby undermine her authority by doing the following:

1. Undermining the Plaintiff's authority by belittling, degrading and disrespecting her in front of her employees and customers in the following ways:
   a. Telling employees that what the Plaintiff was doing was wrong and incorrect.
   b. Telling the Plaintiff's cashiers not to listen to her when the Plaintiff gave them instructions.
   c. Using profanity to the cashiers in regards to the Plaintiff and saying "the Front End is F'd up".
   d. Yelling at the Plaintiff and calling her stupid.
   e. Refused to come when the Plaintiff called for them when the store was busy.
   f. Told a new employee that the Plaintiff was not competent to train her.
   g. Told a new cashier that worked for the Plaintiff to spy on the Plaintiff to see if she was stealing money.

    h. Falsely accusing her of not being a team player because she allowed a cashier to go home early. This was done in a belittling way in front of all the other managers.

    i. Falsely and knowingly accusing of the Plaintiff of using her own account to purchase milk so that her subordinates would think the Plaintiff was stealing from the store.

    j. When the Plaintiff was fired, Awilda Pillard said "I am glad that Black Bitch is gone" to a cashier.

2. Policy changes that the plaintiff implemented based on the training, were not implement.

3. Telling her subordinates without speaking with her to do the opposite of what they were instructed.

4. Monica Franco of HR loudly called her "Stupid" in front of all the employees and customers by yelling it across the room.

5. Awilda Pillard constantly used the word "Nigger" in staff meetings on several occasions where the Plaintiff was the only black manager present.

6. The Plaintiff was subjected to constant profanity by the other managers. The Plaintiff complained Timothy Coleman, Store Manager, in writing that it was offensive and she was retaliated against, falsely accused and fired.

7. The managers, Awilda Pillard, Monica Franco and Jose Pena constantly rolled their eyes, made sighs, turned their heads, walked away when working with the Plaintiff while other white employees were not treated that way.

8. When one white employee was hurt, Monica yelled at the Plaintiff saying "don't touch her" yelling it loudly in front of everyone, "Stop, don't touch her, get away from her." She then looked at her with disgust as if she were not good enough to help the girl. These things were only done to the Plaintiff. No other managers were treated with such disrespect.

9. When the Plaintiff said good morning the mangers did not respond but white managers were treated cordially.

10. The managers discussed and degraded the Plaintiff with her cashiers behind her back.

11. Monica Franco said "Uggh, I hate her" to another cashier who worked for the Plaintiff. When the Plaintiff complained, Jose fired the cashier and then the Plaintiff was also fired.

12. They disrespected the Plaintiff often and acted as though they did not have to listen to the Plaintiff in her capacity as Front End Manager.

13. Monica Franco humiliated her in front of the employees by yelling at her and calling her stupid.

14. Jose Pena falsely accused her of tampering with her own account (doing a return on her own account) when he knew she did not do it.

**THE PARTIES**

The Plaintiff Tyronda James is an individual residing in the City of New Haven, CT and a citizen of the State of Connecticut.

2. The Defendants, Jetro Holdings, LLC dba Restaurant Depot, RD America, LLC dba Restaurant Depot, and Restaurant Depot, LLC dba Restaurant Depot are organized and existing under the laws of the State of Delaware, with its primary place of business located at all times

4

relevant hereto at 181 Marsh Hill Road, Orange, CT.  RD America, LLC dba Restaurant Depot is also an active Connecticut company.  Restaurant Depot, LLC is registered in Connecticut and is a Foreign LLC.

3.     The Defendant RD America, LLC is a principle member of Restaurant Depot, LLC and is a Delaware LLC and is also registered in Connecticut as RD America, LLC as a Foreign LLC.

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 and this action is brought pursuant to: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, cited as 42 U.S.C §§ 2000e(k).

2. The Court has personal jurisdiction over the parties and venue is proper under 28 U.S.C. § 1391(b) and (a) as a substantial part of the events or omissions giving rise to the claim occurred in Connecticut and within this judicial district.  This Court has personal jurisdiction over the Defendants because they are subject to service of process in this state under Rule 4 (e) and (h) FRCP.

3. This Court has diversity and subject matter jurisdiction over this action and the claims asserted in this complaint under 28 U.S.C. § 1332 because:

    a.     There is complete diversity of citizenship between the plaintiff and the defendant in this action, and

    b.     The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

4. The Plaintiff has exhausted all other administrative remedies and was issued a right to sue by the EEOC.

## GENERAL ALLEGATIONS

1. The Plaintiff is an African American female.

2. The Defendant, Restaurant Depot, i.e. Jetro Holdings, LLC dba Restaurant Depot, RD America, LLC dba Restaurant Depot and Restaurant Depot, LLC dba Restaurant Depot employs more than 15 individuals.

3. The Plaintiff was hired by the Defendant Restaurant Depot, i.e. Jetro Holdings, LLC dba Restaurant Depot, RD America, LLC dba Restaurant Depot and Restaurant Depot, LLC dba Restaurant Depot on or about March 4, 2013.

4. On or about June 19, 2014, the Defendant Restaurant Depot i.e. Jetro Holdings, LLC dba Restaurant Depot, RD America, LLC dba Restaurant Depot and Restaurant Depot, LLC dba Restaurant Depot terminated the Plaintiff's employment.

5. Throughout the tenure of her employment, the plaintiff performed her job satisfactorily.

6. The Defendants' through their agents, servants, employees repeatedly undermined the Plaintiff's authority by belittling, degrading and disrespecting her in front of her employees and customers in the following ways:

    a. Telling employees that what the Plaintiff was doing was wrong and incorrect.

    b. Telling the Plaintiff's cashiers not to listen to her when the Plaintiff gave them instructions.

    c. Using profanity to the cashiers in regards to the Plaintiff and saying "the Front End is F'd up".

    d. Yelling at the Plaintiff and calling her stupid.

    e. Refused to come when the Plaintiff called for them when the store was busy.

    f. Told a new employee that the Plaintiff was not competent to train her.

    g. Told a new cashier that worked for the Plaintiff to spy on the Plaintiff to see if she was stealing money.

    h. Falsely accusing her of not being a team player because she allowed a cashier to go home early. This was done in a belittling way in front of all the other managers.

    i. Falsely and knowingly accusing of the Plaintiff of using her own account to purchase milk so that her subordinates would think the Plaintiff was stealing from the store.

    j. When the Plaintiff was fired, Awilda Pillard said "I am glad that Black Bitch is gone" to a cashier.

7. Policy changes that the Plaintiff implemented based on her training, were not implement by the other managers.

8. Telling her subordinates without speaking with her to do the opposite of what they were instructed.

9. Monica Franco of HR loudly called her "Stupid" in front of all the employees and customers by yelling it across the room.

10. Awilda Pillard constantly used the word "Nigger" in staff meetings on several occasions where the Plaintiff was the only black manager present.

11. The Plaintiff was subjected to constant profanity by the other managers. The Plaintiff complained Timothy Coleman, Store Manager, in writing that it was offensive and she was retaliated against, falsely accused and fired.

12. The managers, Awilda Pillard, Monica Franco and Jose Pena constantly rolled their eyes, made sighs, turned their heads, walked away when working with the Plaintiff while other white employees were not treated that way.

13. When one white employee was hurt, Monica yelled at the Plaintiff saying "don't touch her" yelling it loudly in front of everyone, "Stop, don't touch her, get away from her." She then looked at her with disgust as if she were not good enough to help the girl. These things were only done to the Plaintiff. No other managers were treated with such disrespect.

14. When the Plaintiff said good morning the mangers did not respond but white managers were treated cordially.

15. The managers discussed and degraded the Plaintiff with her cashiers behind her back.

16. Monica Franco said "Uggh, I hate her" to another cashier who worked for the Plaintiff. When the Plaintiff complained, Jose fired the cashier and then the Plaintiff was also fired.

17. They disrespected the Plaintiff often and acted as though they did not have to listen to the Plaintiff in her capacity as Front End Manager.

18. They humiliated her in front of the employees by yelling at her and calling her stupid.

19. Jose Pena falsely accused her of tampering with her own account (doing a return on her own account) when he knew she did not do it.

20. When the Plaintiff wrote letters of complaint to management, she was falsely accused and fired and her account with Restaurant Depot for her small business Kidz Nutrition was closed by Management.

   **FIRST COUNT:**  **(Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. § 2000e(k))**

1. The Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

21. The Defendants Restaurant Depot and Restaurant Depot, LLC by and through its agents, servants, and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways:

    a. In that the defendant interfered with the Plaintiff's privilege of employment on the basis of race;

    b. In that the defendant racially discriminated the Plaintiff in such a way that adversely affected her status as employee;

    c. In that defendant discharged the Plaintiff from employment on account of her race;

22. As a direct and proximate result of defendant's violation of Title VII of the Civil Right Act of 1964 as amended by the Civil Rights Act of 1991, the Plaintiff suffered damages.

**SECOND COUNT (Hostile Work Environment and Harassment in Violation of Title VII):**

1. The Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

23. Plaintiff was subjected to harassment by her co-workers.

24. The Harassment was unwelcome.

25. The Harassment was racial in nature.

26. The Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

27. The Defendant, Restaurant Depot, knew or should have known that the Plaintiff was being racially harassed and unreasonably failed to stop the racial harassment.

28. As a direct and proximate result of the hostile work environment, sexual harassment, Plaintiff suffered damages.

### THIRD COUNT (Retaliation in violation of Title VII)

1. The Plaintiff repeats and re-alleges the allegations set forth in 1-20 above as though fully set forth herein.

29. The Defendant, Restaurant Depot by and through its agents, servants, and/or employees, violated Title VII by retaliating against the Plaintiff for complaining that she was being subjected to racial discrimination and harassment and that her cashiers were subject to racial discrimination.

30. As a direct and proximate result of the defendant's retaliation, the Plaintiff suffered damages.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

1. Punitive damages.
2. Compensatory damages, for back pay, front pay, bonuses, personal days, lost pension benefits, emotional distress;
3. Consequential damages;
4. Interest;
5. Reasonable Counsel fees and costs associated with this action;
6. Injunction requiring the removal of any and all adverse information contained in the Plaintiff's personnel file; and
7. Such other and further relief as the Court deems proper.

       **RESPECTFULLY SUBMITTED,**  
       **THE PLAINTIFF,**  
**By**_____**CT26005** *KAREN E. HALEY*_____  
       **ATTORNEY KAREN E. HALEY**  
       **Fed. Bar. #: CT26005)**  
       **KHALEY & ASSOCIATES, LLC**  
       **315 Front St., 2nd Floor**  
       **NEW HAVEN, CT 06513**  
       **Tel:  (203) 752-0700**  
       **Fax: (203) 303-7237**  
       **attorneyhaley@yahoo.com**

**PLEASE ENTER OUR APPEARANCES ON BEHALF OF THE PLAINTIFF**