UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYRONDA JAMES,<br><br>                Plaintiff,<br><br>   v.<br><br>RD AMERICA, LLC, JETRO HOLDINGS, LLC, RESTAURANT DEPOT, LLC<br><br>                Defendants. | CIVIL ACTION NO:<br>3:16-CV-01445-VAB |

**OBJECTION TO MOTION IN LIMINE
TO PRECLUDE EVIDENCE, TESTIMONY OR REFERENCES
TO PLAINTIFF'S STATE CASE**

**I.  INTRODUCTION**

The sole claim to be placed before the jury in this case is one of damages incurred by the Plaintiff, while employed by the defendant, Restaurant Depot as a Frontend Manager.  The Plaintiff claims that because of a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e she incurred damages and should be compensated.

The Plaintiff has a concurrent action in State Court claiming breach of contract and tortious interference with a business relationship.  The Defendant is this case requests that the Court "issue an order precluding the Tyronda James ("Plaintiff")

1

from introducing any evidence, testimony, or referring to the Plaintiff's state court action."

## II. RELEVANT EVIDENCE

Pursuant to USCS Federal Rules of Evidence, Rule 401, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in the determining the action." This is the test for relevant evidence.

Even if evidence is found to be relevant, it may still be precluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." USCS Federal Rules of Evidence, Rule 403.

The "purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." Luce v. United States, 469 U.S. 38, 41, n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996). "Courts considering a motion in limine may reserve judgment until trial, so the Court can place the motion in its proper context. See Nat'l Union Fire Ins., Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp., 937 F. Supp. 76, 287 (S.D.N.Y. 1996).

"Evidence is not rendered inadmissible simply because it is not conclusive. It is admissible if it tends to support a relevant fact even in a slight degree...." State v. Morrill, 197 Conn. 507, 548, 498 A.2d 76 (1985). "A district court's inherent

2

authority to manage the course of its trials encompasses the right to rule on motions in limine." Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

### III. DESCRIPTIONS OR REFERENCES TO THE STATE CASE

Counsel for Restaurant Depot has requested the court preclude "any descriptions or references to the state court action, and … any evidence, testimony, or referring to the Plaintiff's state court action." This is a broad and sweeping way to preclude any testimony or evidence that may be relevant to the Hostile Work Environment, but is even slightly connected in some way to the state court action. This request is too broad and leaves the plaintiff open to random and unpredictable evidentiary objections from the defendants depending on how creative the defendants can be at linking each individual piece of evidence and testimony to the state case.

Although the need to reference the state court action by letting the jury know that an action is concurrently pending may not be necessary or relevant to the claim of Title VII Hostile Work Environment, the Plaintiff should have the right to introduce relevant evidence that has a tendency to make facts that support a hostile work environment more or less probable than it would be without the evidence, without concern that the state case has also referenced that evidence in some way or has a connection to that evidence in some way.

3

As an example, the Plaintiff may testify that she was harassed and that the harassment created a hostile work environment and involved repeated false accusations about how she handled her Restaurant Depot Membership and related accusations about her shopping while working.  If taken in context with other evidence presented at trial, this testimony of the Plaintiff, and any related evidence (receipts) or other witness' testimony, can be found to be relevant when considered in context with other facts and evidence that may be elicited at trial.

In addition, one of the defendants in the state case, Jose Pena, actively participated in creating a hostile environment for the Plaintiff, and the Motion in Limine as written will sweep all references to the actions of Mr. Pena into the realm of preclusion and inadmissibility without the Court or jury ever having taken the evidence in context of a Hostile Workplace.

### IV. **RELEVANT EVIDENCE/TESTIMONY MUST BE HEARD IN CONTEXT**

"Courts considering a motion in limine may reserve judgment until trial, so the Court can place the motion in its proper context.  See Nat'l Union Fire Ins., Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp., 937 F. Supp. 76, 287 (S.D.N.Y. 1996).

Counsel for Restaurant Depot based his Motion in Limine upon his expectations that all evidence and all testimony that has anything to do with the state case or damages in the state case is irrelevant and prejudicial in the context of the instant case, and therefore must be excluded pre-trial without allowing the Plaintiff to put

4

the evidence in context and without allowing the Court to hear the evidence in context of the other facts and evidence to be presented at trial.

"Evidence is not rendered inadmissible simply because it is not conclusive. It is admissible if it tends to support a relevant fact even in a slight degree...." State v. Morrill, 197 Conn. 507, 548, 498 A.2d 76 (1985).

### V. DAMAGES ALLOWED UNDER TITLE VII

The Plaintiff has stated a claim for a hostile work environment pursuant to Title VII. Compensatory and punitive damages are recoverable under Title VII and section 1981. See Carey v. Piphus, 435 US 247, 254 (1978). See also Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 307 (1986); Smith v. Wade, 461 U.S. 30, 52 (1983).

The purpose of punitive damages is to punish what has occurred and deter similar reprehensible conduct. See Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 19-20 (1991); Romano v. U-Haul Int'l, 233 F.3d 655, 672 (1st Cir.2000). The standard for awarding punitive damages is whether the defendant's conduct was motivated by "malice, an evil motive or with reckless or callous indifference to the federally protected rights of others." Kolstad v. American Dental Ass'n, 527 US 526, 529-530 (1999). The factors to be considered were enunciated by the Supreme Court in BMW of North America, Inc. v. Gore, 517 U.S. 559, 575 (1996). Award of punitive damages is additional to and independent of an award for compensatory damages. See Press Pub. Co. v. Monroe, 73 F. 196, 201 (2d Cir.1896).

Accordingly, the Supreme Court has declined to impose a bright-line ratio between compensatory and punitive damages. See Gore, supra; State Farm Mutual Auto Ins. Co. v Campbell, 538 US 408 (2003).

It is within the discretion of the fact-finder to evaluate "the nature of the conduct in question, the wisdom of some form of pecuniary punishment, and the advisability of a deterrent." Gordon v. Norman, 788 F.2d 1194, 1199 (6th Cir.1986). Of the Gore factors, the Supreme Court instructed that the degree of reprehensibility is generally the "most important indicium of the reasonableness of a punitive damages award." Gore, supra at 575.

Generally, punitive damages have been awarded even in the absence of compensatory damages or where compensatory damages are only nominal. See King v. Macri, 993 F.2d 294, 297-98 (2dCir.1993) (punitive damage award of $75,000 in the absence of compensatory damage not excessive); Campos-Orrego v. Rivera, 175 F.3d 89, 97 (1st Cir.1999); Cush-Crawford v. Adchem Corp., 271 F.3d 352 (2nd Cir. 2001) (Title VII hostile-environment plaintiff awarded no compensatory damages and the statutory maximum of $100,000 in punitive damages); Timm v. Progressive Steel Treating, Inc., 137 F.3d 1008 (7th Cir. 1998) (affirming jury award of punitive damages without actual damages); Lee v. Edwards, 101 F.3d 805 (2d Cir.1996) (awarding $75,000 in punitive damages where compensatory damages were nominal); Ellis v. Vecchia, 567 F.Supp.2d 601 (S.D. N.Y. 2008) (upheld award of punitive damages where compensatory damage was $1); Deters v. Equifax Credit Information Serv., 202 F.3d 1262 (10th Cir.2000)

6

(upholding 59:1 punitive to compensatory ratio in Title VII case where compensatory damage award small and primarily non-economic).

Congress established limits of $50,000 to $300,000 on the amount of compensatory and punitive damages a Title VII plaintiff may recover for nonpecuniary losses. See 42 USC 1981A(b)(3). The amount depends on the size, measured in number of employees, of the employer.[1] Past pecuniary losses are excluded from the cap. There are no similar limits to section 1981 awards. The defendant has 80-100 employees at its Orange location and more than 500 nationwide.

In addition to the damages authorized by Title VII and section 1981, the prevailing plaintiff may be awarded attorney's fees pursuant to section 1988. See Grant v. Martinez, 973 F.2d 96, 99 (2d Cir.1992). Section 1988 of Title 42 provides that in a federal civil rights action, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs. In this Circuit, "the lodestar approach governs the initial estimate of reasonable fees." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir.1992). Under this approach, "the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Grant, supra at 99. Under 42 U.S.C. § 1988, a reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community …." Sorenson v. Mink, 239 F.3d 1140, 1145

---

[1] Employers with: 15-100 employees - $50,000; 101-200 employees - $100.000; 201-500 employees - $200,000; and more than 500 employees - $300,000.

7

(9th Cir.2001) quoting Blum v. Stenson, 465 U.S. 886, 895 (1984). Plaintiffs have the burden of producing evidence that the rates requested "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Sorenson, 239 F.3d at 1145.

### VI. **CONCLUSION**

It would not work an injustice or be unduly prejudicial or confusing to any party if the Court were to consider all evidence presented under the unusual circumstances of this case and rule based on its own sound discretion at trial. Based on the totality of the circumstances, the Court can find that the hostile work environment incorporated elements of evidence and testimony that are in some way related to the state case, while the Plaintiff has not even mentioned the existence of the state case itself and has not thereby prejudiced or incited bias in the jury against the defendants.

To preclude "any evidence and testimony" related to the state case is all too broad and may randomly sweep in evidence that is relevant, and admissible into the realm of inadmissibility and to the Plaintiff's detriment. The trial court can reserve ruling for the time of trial in order to preserve the Plaintiff's right to present the evidence in context of other relevant facts that support her case.

Based on all the above, Ms. James asks that the Court sustain this objection and deny the Motion in Limine in part and only extent that the evidence blatantly refers to the concurrent existence of the state case itself.

|  |  |
|---|---|
|  | Respectfully submitted |
|  |  |
|  | BY_____/S/ 421398 KAREN HALEY_____<br>ATTORNEY KAREN HALEY, JURIS #421398/CT26005<br>KHALEY & ASSOCIATES, LLC<br>315 FRONT ST., 2nd FL., NEW HAVEN, CT 06513<br>(203)752-0700 OFC. / (203)752-0617 FX |
| Date:  July 22, 2019 | Attorneyhaley@yahoo.com |

**CERTIFICATION**

The undersigned hereby certifies that on July 22, 2019, the foregoing motion was electronically filed and notice of said filing sent by e-mail to all parties of record by the court's electronic filing system and separately by the undersigned.

/s/ Karen E. Haley
Karen E. Haley (CT26005)
Khaley & Associates, LLC
315 FRONT ST., 2ND FLOOR
New Haven, CT  06513
Telephone: 203.752.0700
Facsimile: 203.303-7237
attorneyhaley@yahoo.com

9