# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

TYRONDA JAMES,
  *Plaintiff*,

v.

RD AMERICA, LLC, *d/b/a* Restaurant Depot, JETRO HOLDINGS, LLC, *d/b/a* Restaurant Depot, RESTAURANT DEPOT, LLC, *d/b/a* Restaurant Depot,
  *Defendants.*

No. 3:16-cv-1445 (VAB)

## RULING AND ORDER ON MOTION IN LIMINE

On August 24, 2016, Tyronda James ("Plaintiff") sued RD America, LLC, Jetro Holdings, LLC, and Restaurant Depot, LLC ("Defendants"), alleging that she was fired on the basis of race, subjected to a hostile work environment, and retaliated against for protected activity, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Complaint, dated Aug. 24, 2016 ("Compl."), ECF No. 1.

On March 5, 2019, the Court granted in part and denied in part Defendants' motion for summary judgment. Ruling and Order, dated Mar. 5, 2019 ("R & O"), ECF No. 62. The Court held that Ms. James's hostile work environment claim could proceed to trial because there is a genuine issue of material fact as to whether the use of racial epithets in her workplace was sufficiently severe or pervasive to have materially altered the terms and conditions of her employment, but granted summary judgment for Defendants on Ms. James's other claims. *Id.* at 25–31, 33.

Before the jury trial beginning on August 19, 2019, Defendants move *in limine* to preclude Ms. James from introducing any evidence, testimony, or references to a civil action Ms. James has filed that is currently pending before the Connecticut Superior Court for the Judicial

District of New Haven. Defendants' Motion *In Limine* to Preclude Evidence, Testimony or References to Plaintiff's State Court Action, dated Jul. 16, 2019 ("Defs.' Mot."), ECF No. 80.

For the reasons explained below, Defendants' motion *in limine* is **GRANTED IN PART AND DENIED IN PART**.

Defendants' motion is granted only to the extent that evidence or testimony may not refer to the fact that there is a state court action pending. Defendants' motion is otherwise denied, without prejudice to raising any issues of relevance or prejudice during the trial.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Familiarity with the facts and prior proceedings, as detailed in the Court's March 5, 2019 Ruling and Order, is assumed. *See* R & O at 2–12.

On March 5, 2019, the Court granted in part and denied in part Defendants' motion for summary judgment. R & O at 1, 33. The Court (1) denied summary judgment on Defendants' arbitration defense because Defendants had failed to show an absence of a genuine dispute of material fact as to whether there was a valid agremeent to arbitrate and whether Ms. James's claims were within it scope, *id.* at 13–17; (2) granted summary judgment as to Plaintiff's claims of discriminatory firing and retaliation, *id.* at 20–25, 31–32; and (3) denied summary judgment as to Plaintiff's claim of hostile work environment because there is a genuine issue of material fact as to whether the use of racial epithets in her workplace was sufficiently severe or pervasive to have materially altered the terms and conditions of her employment, thereby allowing this single claim under Title VII to proceed to trial, *id.* at 25–31, 33.

On March 14, 2019, following a telephonic scheduling conference with the parties, the Court set this case down for a jury trial beginning on August 19, 2019, with jury selection to be held on August 5, 2019. Scheduling Order, dated Mar. 14, 2019, ECF No. 65.

On July 3, 2019, Defendants moved to continue jury selection to August 19, 2019—the day the trial is set to begin—due to a scheduling conflict for Defendants' counsel with an unrelated matter. Motion to Continue Jury Selection, dated Jul. 3, 2019, ECF No. 75.

On July 5, 2019, the parties filed their joint trial memorandum. Joint Trial Memorandum, dated Jul. 5, 2019, ECF No. 76.

On July 8, 2019, the Court noted the parties' failure to simultaneously file motions *in limine* with their joint trial memorandum, as required by this Court's Chambers Practices, and therefore set a schedule for briefing on motions *in limine*. Amended Scheduling Order, dated Jul. 8, 2019, ECF No. 77.

On July 11, 2019, the Court granted Defendants' motion to continue, rescheduling the jury selection to August 19, 2019, with trial set to begin thereafter. Order, dated Jul. 11, 2019, ECF No. 78; Notice of E-Filed Calendar, dated Jul. 12, 2019, ECF No. 79.

On July 16, 2019, Defendants moved *in limine* to preclude Ms. James from introducing any evidence, testimony, or references to a civil action Ms. James has filed, *James v. Jetro Holdings*, No. NNH-CV-15-6054069-S, currently pending before the Connecticut Superior Court for the Judicial District of New Haven. Defs.' Mot. Defendants argue that the state court action, in which Ms. James seeks damages for Defendants' alleged tortious interference with her business, is wholly irrelevant to the claims before this Court as it "seeks a completely different remedy with different legal theories outside of Title VII." *Id.* at 2. Defendants argue that any descriptions or references to the State Court Action therefore are irrelevant. *Id.* at 1, 3–4. Defendants further argue that "even if such evidence is relevant . . . the evidence is highly prejudicial and outweighs any probative value because it will confuse the issues (hostile work

environment v. commercial issues) and mislead the jury (essentially informing the jury that Plaintiff's termination was not for just cause and retaliatory)." *Id.* at 4.

On July 22, 2019, Ms. James opposed Defendants' motion *in limine*, arguing that the request is overbroad because it would "preclude any testimony or evidence that may be relevant to the Hostile Work Environment [claim], but is even slightly connected in some way to the state court action," leaving Ms. James "open to random and unpredictable evidentiary objections from the defendants depending on how creative the defendants can be at linking each individual piece of evidence and testimony to the state case." Objection to Motion *In Limine* to Preclude Evidence, Testimony or References to Plaintiff's State Case, dated Jul. 22, 2019 ("Pl.'s Opp."), ECF No. 82.

On July 24, 2019, the Court held a final pretrial conference with the parties, reserving decision on the motion *in limine*.

## II.    STANDARD OF REVIEW

Motions *in limine* provide district courts the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

A court should only exclude evidence on motions *in limine* if the evidence is clearly inadmissible on all potential grounds. *Levinson v. Westport Nat'l Bank*, No. 09-cv-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013). The court also retains discretion to reserve judgment on some or all motions *in limine* until trial so that the motions are placed in the

appropriate factual context. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

## III. DISCUSSION

Ms. James admits that there is no need for any explicit reference to the state court action to be made during trial, and therefore does not object to the exclusion of evidence that "blatantly refers to the concurrent existence" of the state court action. Pl.'s Opp. at 8.

But she argues that granting Defendants' request to exclude any evidence or testimony regarding her claims or damages in the state action risks excluding evidence that is relevant and admissible with respect to her Title VII hostile work environment claim. *Id.* Instead, she argues that the Court should reserve any rulings excluding such evidence until trial. *See id.* ("The trial court can reserve ruling for the time of trial in order to preserve the Plaintiff's right to present the evidence in context of other relevant facts that support her case.").

The Court agrees.

Both actions generally arose from the circumstances of Ms. James's employment and the termination of her employment. Accordingly, the fact that they allege different legal theories and causes of action is not as dispositive as Defendants claim, as there may well be relevant evidence that was discovered through, or has otherwise been introduced during, the state court action.

Defendants have also failed to specify any particular evidence that they believe is irrelevant or prejudicial. Without any more information about specific evidence that Defendants wish to exclude, the Court declines to adopt a blanket exclusion of all such evidence at this time. *See, e.g.*, *Cruz v. United Auto. Workers Union Local 2300*, No. 3:18-CV-48 (GTS/ML), 2019 WL 3239843, at *26 (N.D.N.Y. Jul. 18, 2019) ("The Court, in its discretion, declines to rule on the admissibility of evidence where it does not have any clear indication of the particular

evidence sought to be excluded or its intended use; without the specific evidence before it for examination, the Court certainly cannot determine whether such evidence would be inadmissible in all respects.") (citation omitted); *Nationwide Mut. Ins. Co. v. Mortensen*, No. 3:00-CV-1180, 2010 WL 5071046, at *3 (D. Conn. Dec. 7, 2010) ("Nationwide seeks to preclude the defendants from introducing many of its 241 exhibits into evidence and from offering testimony from some of its 32 witnesses on the grounds that such evidence is irrelevant. Nationwide, however, does not specify which of these 241 exhibits or 32 witnesses are actually irrelevant . . . .[T]he Court finds that it is premature to rule on Nationwide's motion to preclude such evidence at this time.").

## IV.    CONCLUSION

For the reasons discussed above, Defendants' motion *in limine* is **GRANTED IN PART AND DENIED IN PART**.

Defendants' motion is granted only to the extent that evidence or testimony may not refer to the fact that there is a state court action pending. Defendants' motion is otherwise denied, without prejudice to raising any issues of relevance or prejudice during the trial.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of August, 2019.

　　　　　　　　　　　　　　　　　　　　/s/ Victor A. Bolden　　　　　　　
　　　　　　　　　　　　　　　　　　VICTOR A. BOLDEN
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE