# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

TYRONDA JAMES,
  *Plaintiff*,

  v.

RD AMERICA, LLC, *d/b/a* Restaurant Depot,
JETRO HOLDINGS, LLC, *d/b/a* Restaurant
Depot, RESTAURANT DEPOT, LLC, *d/b/a*
Restaurant Depot,
  *Defendants*.

No. 3:16-cv-1445 (VAB)

## ORDER

On September 4, 2019, Tyronda James ("Plaintiff") began presenting evidence against

RD America, LLC, Jetro Holdings, LLC, and Restaurant Depot, LLC ("Defendants") as to her

sole remaining claim in this action: that she was subjected to a racially hostile work environment

in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

On the morning of September 5, 2019, Ms. James rested. Defendants then moved for a

directed verdict, which the Court denied. Defendants then presented evidence, resting later that

morning.

Defendants then renewed their motion for a directed verdict. *See* Motion for Directed

Verdict, dated Sept. 5, 2019, ECF No. 102. Having heard the evidence, the Court **DENIES** that

motion.

In an initial charge conference, the Court heard arguments from the parties as to potential

revisions to the Court's post-trial jury instructions and verdict form. *See* ECF Nos. 96 & 97.

Having considered the arguments of counsel and reviewed the record, the Court has

revised both documents as follows.

The Court has removed references to the legal standard for "tangible employment action" from Part II.B.4.b of the post-trial jury instructions, as there is insufficient evidence for a jury to find that the racially hostile work environment that Ms. James has alleged existed at Restaurant Depot resulted in a tangible employment action. Accordingly, the Court has also removed references to lost income or backpay from Part III.B and made corresponding revisions to the instructions on compensatory damages.

But the Court re-affirms its conclusion, stated on the record at the initial charge conference, that there is a genuine factual dispute as to the issue of supervisor liability. This dispute therefore must be determined by the jury.

The Court thus has revised the verdict form to facilitate the verdict form's completion, consistent with the post-trial jury instructions.

Annexed to this Order are the Court's proposed (1) annotated post-trial jury instructions (with redlines); (2) unannotated post-trial jury instructions; and (3) verdict form.

As stated on the record at the initial charge conference, if Plaintiff or Defendants wish to file written objections to the revised post-trial jury instructions or verdict form, they may do so by **September 6, 2019 at 12:01 a.m.** The Court then will hear the final arguments of counsel as to the post-trial jury instructions and verdict form at the final charge conference on **September 6, 2019 at 8:30 a.m.**

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of September, 2019.

　　　　　　　　　　　　　　/s/ Victor A. Bolden
　　　　　　　　　　　　　　Victor A. Bolden
　　　　　　　　　　　　　　United States District Judge